UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edgar Searcy, # 04726-031, | ) C/A No. 6:06-1664-GRA-WMC |
|                       Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Skinner, Inmate;<br>US Attorney General, | ) |
|                       Defendants. | ) |

This is a civil action filed *pro se* by a federal prison inmate incarcerated at FCI-Estill in South Carolina.[*] Plaintiff brings this action pursuant to 18 U.S.C. § 3771(c)(3) for enforcement of the Crime Victims Rights Act (CVRA). Plaintiff claims that he is entitled to bring this cause of action as the victim of a December 12, 2005 assault on him by defendant Skinner, while both were inmates at FCI-Bennettsville in South Carolina.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v.*

---

[*]Pursuant to 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e); 1915A .

*Alizaduh*, 595 F. 2d 948 (4th Cir. 1979). This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, see *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. See *Fine v. City of New York*, 529 F. 2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## **Background**

On May 9, 2006, plaintiff filed a complaint in this Court, C/A No. 6:06-01418-GRA-WMC, under the Racketeer Influences and Corrupt Organizations (RICO) Act. A Report and Recommendation for summary dismissal of that case was signed by the Magistrate Judge on May 25, 2006, and by Notice of Right to File Objections to Magistrate Judge's Report and Recommendation, the plaintiff was given 10 days to file an objection. On June 8, 2006, plaintiff filed his objection to the Report and Recommendation, and he cited to the CVRA as the basis for his objection. On June 16, 2006, an order was entered adopting the Report and Recommendation, dismissing the case without prejudice, deeming the case to be a strike for purposes of 28 U.S.C. § 1915(g), and denying pending motions. On July 7, 2006, plaintiff appealed the June 16, 2006 Order.

This appeal is currently pending before the United States Court of Appeals for the Fourth Circuit, *Searcy v. Skinner*, 06-7205.  This Court properly takes judicial notice of this pending matter.  *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975);  *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

It is well understood that, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident*, 459 U.S. 56, 57 (1982); *Dixon v. Edwards*, 290 F. 3d 699, 709 (4th Cir. 2002). The complaint filed in this case asserts an action under CVRA, which is the same claim addressed by the June 16, 2006 Order now on appeal.  Therefore, plaintiff attempts to have this Court alter its own judgment during the pendency of an appeal which is an action that the United States Supreme Court expressly prohibited long ago.  *See Berman v. United States*, 302 U.S. 211 (1937).  Plaintiff seeks relief that this Court has no jurisdiction to grant.

## Recommendation

In light of the pending appeal in C/A No. 6:06-01418-GRA-WMC, it is recommended that the within civil action be **dismissed without prejudice** and without issuance and service of process.  **Plaintiff's attention is directed to the important notice on the next page.**

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 25, 2006

Greenville, South Carolina

3

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**