**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Edgar Searcy, #04726-031, | |
| Plaintiff, | |
| | C/A No. 6:06-1664-GRA-WMC |
| v. | |
| Skinner, Inmate; | **ORDER** |
| US Attorney General | (Written Opinion) |
| Defendant. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed July 25, 2006. Plaintiff is currently serving a one hundred eighty (180) month sentence as a career offender for a conviction of using interstate commerce (the internet) to engage in sexual activity with a minor. Plaintiff brings this action pursuant to 18 U.S.C. § 3771(c)(3) for enforcement of the Crime Victims' Rights Act ("CVRA"). Plaintiff claims that he is entitled to bring this cause of action as the victim of a December 12, 2005 assault on him by Defendant Skinner, while both were inmates at FCI-Bennettsville in South Carolina. In light of the pending appeal in a previous case filed by Plaintiff, C/A No. 6:06-01418-GRA-WMC, the magistrate recommends dismissing the complaint without prejudice and without issuance and service of process.

Plaintiff brings this claim *pro se*. Under established local procedure in this

judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing). This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made,

and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  Plaintiff filed objections to the Report and Recommendation on August 3, 2006.

Plaintiff appears to argue in his objection to the magistrate's Report and Recommendation that this claim under the CVRA is different than his previously filed claim[1] under the Racketeer Influenced and Corrupt Organizations ("RICO") Act,

---

[1] C/A No. 6:06-01418-GRA-WMC

which was dismissed by this Court and is now on appeal with the Fourth Circuit Court of Appeals.   The magistrate specifically found that:

> It is well understood that, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*, 459 U.S. 56, 57 (1982); *Dixon v. Edwards*, 290 F. 3d 699, 709 (4th Cir. 2002). The complaint filed in this case asserts an action under CVRA, which is the same claim addressed by the June 16, 2006 Order now on appeal. Therefore, plaintiff attempts to have this Court alter its own judgment during the pendency of an appeal which is an action that the United States Supreme Court expressly prohibited long ago. *See Berman v. United States*, 302 U.S. 211 (1937). Plaintiff seeks relief that this Court has no jurisdiction to grant.

(Mag. Rep. &. Rec. at 3).

The Court agrees with the magistrate's finding above.  By Order filed June 16, 2006 in Plaintiff's prior action, this Court specifically held that Plaintiff has no remedy and can bring no claim under the CVRA.  The Court stated:

> Plaintiff misconstrues the intent of § 3771.  The Crime Victims' Rights Act ("CVRA"), codified at 18 U.S.C. § 3771, establishes certain rights of crime victims within the prosecutorial process against a criminal defendant.  However, "the CVRA does not grant victims any rights against individuals who have not been convicted of a crime." *In re W.R. Huff Asset Management Co., LLC*, 409 F.3d 555, 564 (2nd Cir. 2005). The Assistant United States Attorney "declined" to bring a criminal prosecution against Defendant, and Plaintiff may not use § 3771 as mechanism to bring an action against Defendant directly.

(June 16, 2006 Order at 5).  As the magistrate noted, this Court will not, and cannot, now alter its own judgment during the pendency of an appeal regarding the same issue.  Plaintiff's objection is therefore without merit.

After a review of the magistrate's Report and Recommendation and Plaintiff's

4

objections thereto, this Court adopts and accepts the magistrate's recommendation. As a result, the Plaintiff's complaint is dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August     8    , 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date the Order of this judgment is filed, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.